UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| COKER et al | CIVIL ACTION NO: 15-0007 |
| VERSUS | JUDGE DONALD E. WALTER |
| WHITTINGTON et al | MAGISTRATE JUDGE HORNSBY |

## ORDER

Before the Court is a Motion for Preliminary Injunction [Doc. #7], filed by Plaintiff Michael Golden, requesting that this Court enter an order "barring Defendants from continuing to violate [Golden's] rights under the First, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, Section 7 of the Louisiana Constitution, 1974[,] and to reinstate [Golden] to employment." Defendants, Bossier Parish Sheriff Julian Whittington and Chief Deputy Charles Owens, oppose the motion for preliminary injunction [Docs. #14, 22], and Plaintiff filed a reply [Doc. #18].

As the Defendants correctly argue, "[a] preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" *Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex.*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)). Generally, the injunction should not be granted unless the movant satisfies each of the following four criteria: (1) irreparable injury; (2) substantial likelihood of success on the merits; (3) a favorable balance of hardships (threatened injury outweighs threatened harm to party against whom injunction is sought); and (4) no adverse affect on the public interest. *Id.*; *see also Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

Here, Plaintiff argues, *inter alia*, that no showing of irreparable injury is required in the face of a clear constitutional right, freedom of association, protected by the First Amendment. The Defendants argue that irreparable injury is only presumed in those First Amendment cases where the alleged violation is clearly established. The Court is not convinced that, under the facts of this case, Plaintiff may so easily dispense with the requirement of irreparable injury in order to obtain mandatory injunctive relief. This case involves an at-will employee, allegedly terminated for violating Bossier Parish Sheriff's Office's policies and regulations. The Defendants argue that those policies and regulations are legitimately tied to law enforcement needs. The Fifth Circuit has recognized that the First Amendment imbues the right to privacy to include protected forms of "association," but that the right to privacy is not unqualified, and "the state has more interest in regulating the activities of its employees than the activities of the population at large." *Shawgo v. Spradlin*, 701 F.2d 470, 482-83 (5th Cir. 1983) (internal citations omitted).

The Court is cognizant of the fact that "a preliminary injunction has the effect of temporarily treating a lawsuit as settled in favor of the moving party[.]" *Compact Van Equipment Co., Inc. v. Leggett & Platt, Inc.*, 566 F.2d 952, 954 (5th Cir. 1978). The Court declines to do so in this case. Accordingly, Plaintiff Michael Golden's motion for preliminary injunction [Doc. #7], including the request for evidentiary hearing, is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 28 day of July, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE